**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | 05-0293M |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Edgar Mills Bias, | ) | |
| Defendant. | ) | |

This matter arises on Defendant's Motion To Reconsider Release Conditions (dkt. # 6), filed on January 23, 2006.

Because the Court believes that a secured bond, rather than a cash bond, in the sum of $250,000 is the least onerous condition of release that will reasonably assure Defendant's appearance at all future proceedings in the above-captioned Texas prosecution, the Court will amend its prior order (dkt # 5) to authorize a secured bond rather than a cash bond. However, like the district court in United States v. Fidler, 419 F.3d 1026 (9th Cir. 2005), this sum of a secured bond is necessary, not because the Defendant may not be able to raise such a bond, but because the undersigned views Defendant's risk of flight too great without the posting of such a bond. This condition of release does not violate Title 18 U.S.C.

1 § 3142(c)(2) under current Ninth Circuit law.[1]

2 **IT IS ORDERED** that Defendant's Motion To Reconsider Release Conditions (dkt. # 6) is **GRANTED** in part and **DENIED** in part. Defendant shall remain detained in the above-captioned matter until such time as Defendant or his representative posts a $250,000 secured bond. The balance of the Court's January 12, 2006 Order is hereby affirmed.

Defense counsel is advised that any review of this Order must be done in the prosecuting district within 10 days hereof without waiver. United States v. Evans, 62 F.3d 1233 (9th Cir. 1995); Rule 59(a), FED.R.CRIM.P.[2], as amended on December 1, 2005.

DATED this 24th day of January, 2006.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

---

[1] The Court assumes that defense counsel did not cite and discuss the Fidler case as he is ethically required to do because his research inadvertently did not reveal a reported opinion only 5 months old.

[2] Rule 59(a) applies to nondispositve criminal matters. Rule 59(a) provides that where a district judge has referred a matter to a magistrate judge, the magistrate judge must issue an oral or written order. To preserve the issue for further review, the party must object to that order within 10 days of being served with a copy of the order or after the oral order is stated on the record or at some other time set by the court. Rule 59(a) states that failure to file an objection amounts to a waiver of that issue.

- 2 -